UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, <br><br>                                                     Petitioners, <br><br>            -against- <br><br> ELITE WOODCRAFT INSTALLATIONS, LTD., <br><br>                                                     Respondent. | 17 CV _____ <br><br> **PETITION TO CONFIRM AN ARBITRATION AWARD** |

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation (the "Funds"), and the New York City District Council of Carpenters (the "Union") (together with the Funds, the "Petitioners"), by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is an action under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("CBA") involving the Union and Elite Woodcraft Installations, Ltd. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Petitioner New York City and Vicinity Carpenters Labor-Management Corporation (together, with the ERISA Funds and the Charity Fund, as the "Funds") is a New York not-for-profit corporation.

7. Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the

certified bargaining representative for certain employees of the Respondent. The Union maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

8. Respondent is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 72 Brookfield Road, Mount Vernon, New York, 10552.

## THE ARBITRATION AWARD

9. During the relevant time period, Respondent was a member of the Association of Wall Ceiling and Carpentry Industries of New York, Inc. (the "AWCC"). Documents confirming Respondents' membership in the AWCC are annexed hereto as **Exhibit A**[1].

10. As a member of the AWCC, Respondent was bound to the collective bargaining agreement between the AWCC and the Union (the "CBA"), a copy of which is annexed hereto as **Exhibit B**. See Exhibit B, Article II.

11. The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. *See* Exhibit B, Article XVI, Section 1.

12. The CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. Exhibit B, Article XVI, Section 1.

13. The CBA provides that in the event that a "dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or

---

[1] Exhibit A contains select pages of AWCC membership listings that identify Respondent as a member.

interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator . . . ." Exhibit B, Article XVI, Section 12.

14. The CBA provides that "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and such arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such Fund(s)." Exhibit B, Article XVI, Section 11(b).

15. The CBA also binds employers to the Funds' Collection Policy. Exhibit B, Article XVI, Section 6. A copy of the Collection Policy is attached hereto as **Exhibit C**.

16. The CBA provides that:

In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:

    (a) the unpaid contributions; plus
    (b) interest on the unpaid contributions determined at the prime rate of Citibank plus two (2.0%) percent; plus
    (c) an amount equal to the greater of --
        (1) the amount of the interest charges on the unpaid contributions as determined in (b) above, or
        (2) liquidated damages of twenty (20%) percent of the amount of the unpaid contributions; plus
    (d) reasonable attorney's fees and costs of the action; and
    (e) such other legal or equitable relief as the court deems appropriate.

Exhibit B, Article XVI, Section 11(a).

17. An audit of Respondent covering the period February 13, 2013 through September 30, 2014, revealed that it failed to remit all required contributions to the Funds.

18. Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. Said arbitration was noticed by having the Arbitrator's Notice of Hearing sent to Respondent by regular and certified mail. A copy of the Notice of Hearing is annexed hereto as **Exhibit D**.

19. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated October 13, 2017, determining said dispute (the "Award"). A copy of the Award is annexed hereto as **Exhibit E**.

20. The arbitrator found that Respondent violated the CBA when it failed to remit contributions to the Funds, and ordered Respondent to pay the Funds the sum of $85,353.55, consisting of principal contributions of $57,804.62, interest thereon of $9,980.62, liquidated damages of $11,588.95, non-audit late payment interest of $587.36, assessments to the promotional fund of $321.25, court costs of $400.00, attorneys' fees of $1,500.00, the arbitrator's fee of $500.00, and audit costs of $2,670.75. Exhibit E.

21. The arbitrator also found that interest of 5.75% will accrue in the aggregate amount of the Award from the date of the issuance of the award. *See* Exhibit E.

22. As of the date of this Petition, Petitioners have not received any payment pursuant to the Award.

23. The Award has not been vacated or modified and no application for such relief is currently pending.

24. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the CBA. Exhibit B, Article XVI, Section 11(a).

25. The Collection Policy further states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts . . . ." Exhibit C, Section V(6).

26. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit F**.

27. I, Todd Dickerson ("TD" in the accompanying billing records), am a 2013 graduate of the University of Illinois College of Law. In November 2015, I joined V&A as an associate. In late May of 2016, I was promoted to the position of "Of Counsel." I have regularly served as lead counsel for multiemployer employee benefit plans in ERISA litigation since joining V&A. Before joining V&A, I regularly served as lead counsel in labor and employment lawsuits in both state and federal court. V&A billed my time at a rate of $225 per hour during my time as an associate. During my time as "Of Counsel," V&A billed my time at a rate of $300 per hour. *See* Exhibit F.

28. Paige Davis ("PD" in the accompanying billing records), is a 2016 graduate of Indiana University Maurer School of Law and an associate at V&A. Ms. Davis' primary practice area is the representation of multiemployer employee benefit plans in ERISA litigation. V&A billed Ms. Davis' time at a rate of $225 per hour for work performed in connection with this action. *See* Exhibit F.

29. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action. *See* Exhibit F.

30. All of the above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

31. V&A's total billings in this matter amount to $1,365 reflecting 5.9 hours of work. *See* Exhibit F.

32. In addition, V&A has incurred $12.92 in docket retrieval and legal research costs and will advance $75 in service fees in connection with this matter.

33. A Proposed Judgment is attached hereto as **Exhibit G.**

**WHEREFORE,** Petitioners respectfully request that this Court:

(1) Confirm the Award in all respects;

(2) Award judgment in favor of the Petitioners and against Respondent in the amount of $85,353.55 pursuant to the Award plus interest from the date of the Award through the date of judgment with interest to accrue at the annual rate of 5.75% pursuant to the Award;

(3) Award judgment in favor of the Petitioners and against Respondent in the amount of $1,365 in attorneys' fees and $87.92 costs arising out of this petition;

(4) Award post-judgment interest at the statutory rate; and

(5) Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York  
December 6, 2017

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____  
Todd Dickerson, Esq.  
40 Broad Street, 7th Floor  
New York, New York 10004  
Telephone: (212) 943-9080  
Fax: (212) 943-9082  
*Attorneys for Petitioners*